UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 3:00CR226(SRU) |
| | : | |
| MARVIN SPAN | : | March 3, 2006 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO RE-SENTENCING**

The above-named defendant's sentence has been remanded to the district court pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), for a hearing to determine if the district court would have imposed a non trivially different sentence if the Guidelines had been purely advisory.

In *Crosby*, the Court of Appeals determined that it would remand most pending appeals involving challenges to sentences imposed prior to *Booker* "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine whether to resentence, now fully informed of the new sentencing regime, and if so, to resentence." *Crosby*, at 117. In this respect, the Court of Appeals explained that a remand would be necessary to learn "whether a sentencing judge would have imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the judge had discharged his or her obligations under the post-*Booker/Fanfan* regime and counsel had availed themselves of their new opportunities to present relevant considerations." *Id*. "In making that threshold determination, the District Court should obtain the views of counsel, at least in writing . . ." *Id*., at 120. "Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence, with an

appropriate explanation, or vacate the sentence and, with the defendant present, resentence in conformity with the [Sentencing Reform Act], *Booker/Fanfan*, and this opinion, including an appropriate explanation, *see* § 3553(c)." *Id.*, at 120.

As set forth below, the sentencing transcript reflects that the district court had every intention at the time of sentencing of imposing the 188 month term of imprisonment which it chose. Thus, the need for a resentencing pursuant to *Crosby* is belied by the record. Further, based upon the plea agreement and the plea colloquy, it appears that the defendant has waived his present motion to seek a lower sentence, and is, therefore, barred.

*The Sentencing Transcript Reflects that District Court had Every Intention of Imposing a 188 Month Term of Imprisonment*

A plain reading of the October 7, 2003 sentencing transcript reflects that the district court believed that the 188 month term of imprisonment which it imposed was appropriate, and that it would not have imposed a non trivially different sentence if the Guidelines had been purely advisory.

At the time of his guilty plea, the government and the defendant executed a plea agreement. Part of the agreement included a stipulation that the Guidelines term of imprisonment would be 188 to 235 months (Plea agreement, p. 3). The plea agreement also included a section entitled "Waiver of Right to Appeal or collaterally Attack Sentence" which provides in pertinent part,

> The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 188 months, even if the Court reaches a sentencing range permitting such a

> sentence by a Guideline analysis different from that specified above. The defendant expressly acknowledges that he is waiving his appellate rights knowingly and intelligently.

Plea agreement, p. 4.

During the defendant's plea allocution the district court was careful to make sure that the defendant understood that he was waiving his appellate rights and his general right to attack any sentence imposed pursuant to the plea agreement letter. See, generally, Tr. 02/11/02, pp. 12-13.

The defendant was sentenced on October 7, 2003. Before imposing sentence, the district court made the following specific findings.

> THE COURT: All right. I'm going to adopt the factual statements of the PSR as the findings of fact of the court in this matter. *I'm going to accept the plea agreement dated February 6, 2002* and filed that day, *being satisfied that the agreement* and stipulation of offense conduct attached to the agreement[1] *adequately reflect the seriousness of the actual offense behavior and that accepting it will not undermine the purpose of sentencing*.

Tr. 10/07/03, p. 19, emphasis added. In the government's view, the foregoing constitutes strong evidence that the district court was satisfied with the 188 to 235 month imprisonment range from which it began considering an appropriate sentence, and, therefore, would not have imposed a different sentence even if the Guidelines had been purely advisory.

The district court, however, did not accept the Guidelines imprisonment range with mechanistic fatalism, rather, it carefully considered where within the imprisonment range to impose sentence. The court stated,

> I do believe that [counsel's arguments for a downward departure] help me decide where within this very broad guideline range you should be sentenced and that, in other words, because you've taken these steps, because you have tried to

---

[1] The district court later acknowledged that the parties had not entered into a stipulation of offense conduct. Tr. 10/07/03, p. 19.

>assist the government, because this reflects a change in attitude on your part, I'm going to sentence you at the bottom of the guideline range rather than in the middle or at the top, and I'll tell you that, given your lengthy conviction record, I probably would have sentenced you either in the middle or at the top of this range but for the types of things that your lawyer has argued for in this brief and today at argument. You've been basically on a 20 year crime spree, almost 20 years. . . It seems from your record you've been in trouble time after time after time and almost ass soon as you get out of prison you're back in trouble again and that's been going on for quite a long time . . .

Tr. 10/07/03, pp. 35-36.

Based upon the foregoing, it is apparent that the district court carefully considered whether the term of imprisonment prescribed by the Guidelines was appropriate and determined that it was. The sentencing transcript betrays no equivocation or reservations about the appropriateness of the term of imprisonment which it ultimately imposed. Rather, the sentencing court's comments reflect that the 188 month term of imprisonment was wholly appropriate. Thus, because the sentencing transcript indicates that the district court had no intention of imposing a non trivially different sentence if the Guidelines had been purely advisory, in the government's view, it would constitute error and a deviation from the clear dictates of *Crosby* for the district court to disturb the sentence originally imposed.

## **CONCLUSION**

The district court should not disturb the sentence originally imposed and the defendant has failed to offer any reason why the court should resentence him. The defendant's application

to disturb the original sentence, moreover, was waived at the time the defendant entered his guilty plea and knowingly and voluntarily waived his right to challenge the Guidelines sentence agreed upon by the parties.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


        ALEX V. HERNANDEZ
        SUPERVISORY ASSISTANT U.S. ATTORNEY
        FEDERAL BAR NO. CT08345
        915 LAFAYETTE BLVD. ROOM 309
        BRIDGEPORT, CT 06604
        (203) 696-3000
        Fed. Bar Number: CT08345

## CERTIFICATE OF SERVICE

      This is to certify that on March 3, 2006, a copy of the foregoing was mailed, postage prepaid, to the defendant's attorney of record:

Todd Bussert, Esq.
103 Whitney Avenue, Suite 4
New Haven, CT 06510-1229


        Alex Hernandez