## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 3:00-cr-00226-SRU |
| | ) | |
| MARVIN SPAN | ) | March 6, 2006 |
| | ) | |
| Defendant. | ) | **REDACTED** |
| | ) | |

### MEMORANDUM IN SUPPORT OF CROSBY REMAND RESENTENCING

Marvin Span, by and through undersigned counsel and pursuant to the Order of Remand entered by the United States Court of Appeals for the Second Circuit on April 20, 2005, hereby submits this memorandum in support of resentencing in the wake of United States v. Booker, 543 U.S. 220 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Mr. Span respectfully argues that the Court should impose a sentence of 15 years' (180 months') imprisonment as opposed to the 188-month term mandated by the Federal Sentencing Guidelines in effect at the time of his original disposition, on October 7, 2003.

For reasons set forth herein, an eight months lesser sentence is not only non-trivially different, but it also is sufficient but not greater than necessary to satisfy the considerations enumerated in 18 U.S.C. § 3553(a).

# I. Procedural Background in Brief

On September 6, 2000, officers of the Connecticut Statewide Narcotics Task Force and of the Bridgeport Police Department's Special Services Division executed a search and seizure warrant at 340 Putnam Street, Apartment 2B, in Bridgeport. PSI, p. 2 ¶¶6-7. Law enforcement personnel located and arrested Marvin Span inside the apartment and, in conjunction with a search of the identified premises, uncovered, inter alia, a loaded .38 caliber revolver firearm. Id. at ¶¶8-9. Approximately one month later, on October 18, 2000, a federal grand jury sitting in Bridgeport returned a one-count Indictment against Mr. Span, charging him with Unlawful Possession of a Firearm By a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Docket #1. On February 11, 2002, Mr. Span appeared before this Court and, consistent with the terms of a written plea agreement into which he entered with the government, pled guilty to the Indictment. Docket #s 38, 49 (transcript).

Mr. Span's offense of conviction carries a mandatory-minimum sentence of 15 years' imprisonment pursuant to 18 U.S.C. § 924(e). PSI, p. 14 ¶64. By the terms of his plea agreement, Mr. Span agreed that the appropriate guideline range, accounting for a three-level reduction for acceptance of responsibility, was 188-to-235 months' imprisonment, which reflected a total offense level of 31 and criminal history category of VI. Docket # 38 at 3; 2/11/2002 Transcript (Tr.) at 16. The Probation Office's calculations of the Federal Sentencing Guidelines produced an identical recommended guideline range. PSI, p. 14 ¶65. After rejecting arguments made in relation to sentencing that the appropriate base offense level was 33 rather than 34, the Court, on October 7, 2003, sentenced Mr. Span to the bottom-end of this recommended range, 188 months' imprisonment, or eight months more than the statutory mandatory minimum.

2

Docket #s 60 (defense sentencing memorandum), 64 (judgment); 10/7/2003 Tr. at 20-25, 36-37.

Mr. Span timely filed a notice of appeal, on October 22, 2003. Docket # 65. During the pendency of the direct appeal, the government filed a consent motion for limited remand of Mr. Span's case for the purpose of allowing this Court to consider whether to resentence in light Booker and Crosby, supra, and, should the Court find that it would impose a non-trivially different sentence, then for resentencing pursuant to Fed. R. Crim. P. 32. See United States v. Crosby, 397 F.3d at 117. The Court entered a scheduling order for filing of simultaneous submissions, which was extended upon Mr. Span's request. Docket #s 78, 84. Mr. Span, through counsel, has filed a Motion for Leave to Late File and a Motion to File Under Seal under separate cover today.

## II. ARGUMENT

While not seeking to diminish the serious of the offense to which Marvin Span voluntarily admitted guilt, this case presents numerous mitigating circumstances that the Court could not fully account for in a mandatory Guidelines system. As the Court is already familiar,

This type of background calls for judicial leniency, even where restricted by statute.

3

A.    **Mr. Span Was Sentenced Under a Mandatory Guidelines Regime That Created Unlawful Boundaries on the Court's Discretion Necessarily Limited the Nature and Scope of the Information the Court Could Properly Consider When Imposing Sentence.**

Marvin Span was sentenced approximately eight months before the Supreme Court decided <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). The sole issue raised through his direct appeal, filed on December 3, 2004, was whether, in light of <u>Blakely</u>, his Sixth Amendment rights were violated due to sentencing enhancements based on the Court's factual findings. Where the government initially moved for summary affirmance, relying on <u>United States v. Mincey</u>, 380 F.3d 102 (2d Cir. 2004), <u>Booker</u> re-cast the relevant inquiry, and the government withdrew its motion. Indeed, through its memorandum in support of its motion for limited remand, the government correctly observed that Crosby court "held that in any case in which a defendant appeals a sentence imposed prior to the Supreme Court's *Booker* decision [as did Mr. Span], the district court committed 'error' if it imposed sentence in conformity with the then-binding view that the United States Sentencing Guidelines were mandatory."

In the instant case, the Court previously explained to Mr. Span at the change of plea hearing that the Sentencing Guidelines would guide its determinations:

> In the federal courts, sentencing is governed largely by what are called the Sentencing Guidelines which is a set of rules and regulations about how we are to sentence someone and there's really two fundamental factors that go into sentencing. One is the seriousness of the offense; the other is your criminal history, and determinations about that are made by the judge…. [W]hatever your lawyer and the prosecutor may say, I have to decide how the sentencing guidelines apply.

2/11/2002 Tr. at 22. This description of the sentencing process and the role the Guidelines played was consistent with pre-<u>Booker</u> Circuit precedent that held the Guidelines cabined sentencing

courts in their discretion "within narrow procedural and substantive limits" -- limits hemming in

"compassion and common sense" except in extraordinary or atypical situations.  <u>United States v.</u>

<u>Anderson</u>, 15 F.3d 278, 280 (2d Cir. 1994), <u>United States v. Rogers</u>, 972 F.2d 489, 495 (2d Cir.

1992); see <u>United States v. Galante</u>, 111 F.3d 1029, 1036 (2d Cir. 1997) (Guidelines "put

boundary line fences on that field [of traditional discretion]").

     As noted <u>ante</u>, at sentencing, the Court found that the Probation Office correctly

calculated the Guidelines, with a base offense level of 34 and an total offense level, after a three-

level reduction for acceptance of responsibility (§ 3E1.1), of 31, which, when accounting for

armed career criminal and criminal history considerations, resulted in a sentencing range of 188-

to-235 months' imprisonment.  10/7/2003 Tr. at 24-25.  Mr. Span moved for a downward

departure for this range in recognition both of his

          and of his post-offense rehabilitation.  Docket # 60 at 5-8; 10/7/2003 Tr. at 26-30.

The government opposed the proposed departure bases, and the Court rejected them.  <u>Id.</u> at 31-

35.

     Significantly for purposes of the issue now presented, where the Court denied Mr. Span's

departure requests, it expressly and exclusively relied on them in imposing a sentence at the

bottom of the recommended range, 188 months' imprisonment:

> I do believe that they help me decided where within this very broad
> range you should be sentenced and that, in others words, because
> you've taken these steps,
>      , because this reflects a change in attitude on your part,
> I'm going to sentence you at the bottom of the guideline range
> rather than in the middle or at the top, and I'll tell you that, given
> your lengthy conviction record, <u>I probably would have sentenced</u>
> <u>you either in the middle or at the top of this range but for the types</u>
> <u>of things that your lawyer has argued for in his brief and today at</u>
> <u>argument</u>.  You've been basically on a 20 year crime spree, almost

20 years, I think '84 was your first conviction and there really
hasn't been a let-up since then. It seems from your record you've
been in trouble time after time after time and almost as soon as you
get out of prison you're back in trouble again and that's been going
on for quite a long time. And, as a result of that, I think a sentence
higher in the guideline range would be appropriate but for those
significant efforts that you've undertaken and, as a result of them,
I'm going to sentence you lower in the range, because I think it's
not necessary either to punish you further or to deter you further or
to deter others further in light of all of the circumstances to
sentence you higher in the guideline range.

10/7/2003 Tr. at 35-36 (emphasis added).

**B.      A 180-Month Term of Imprisonment Is Sufficient But Not Greater Than Necessary
To Achieve the Statutorily Enumerated Goals of Sentencing.**

In Booker's wake, the Sentencing Guidelines must still be calculated and consulted, 18

U.S.C. § 3553(a)(4), but these rules are no more controlling of the final sentencing decision than

any of the many other factors the court must "consider" under § 3553(a) as a whole. United

States v. Crosby, 397 F.3d at 113; see United States v. Jaber, 362 F.Supp.2d 365, 371-72

(D.Mass. 2005); Simon v. United States, 361 F.Supp.2d 35, 40 (S.D.N.Y. 2005); United States v.

Biheiri, 356 F.Supp.2d 589, 594 n.6 (E.D.Va. 2005); United States v. Ranum, 353 F.Supp.2d

984, 986 (E.D.Wis. 2005). Indeed, sentencing courts' overriding duty is to determine and impose

the punishment which is "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to

achieve the various purposes of criminal justice in each case after "considering" a list of factors,

including what sentences are "available." Id.(a)(2),(3). Nothing in Section 3553(a) states that the

statutory mandate applies only "[e]xcept as otherwise provided by law," or the like. The listed

purposes are promotion of respect for law, including the provision of just punishment in light of

the seriousness of the offense, id.(a)(2)(A); deterrence (both general and specific), id.(a)(2)(B);

6

incapacitation to protect the public, id.(a)(2)(C); and any needed rehabilitation and treatment of the offender, id.(a)(2)(D).

In this context, real world wisdom born of trial courts' unique perspectives and experience has a renewed place in offender disposition.  See Koon v. United States, 518 U.S. 81, 98 (1996) ("district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing"), Mistretta v. United States, 488 U.S. 361, 404 (1989). Or, as Justice Kennedy artfully observed:

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique case study in human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue.

Koon, 518 U.S. at 113.  Respectfully, applying the governing legal criteria and standard statutory construction methodology to this case, the Court should find, at the conclusion of a resentencing hearing, that the proper sentence -- that is, the sentence which seems, after consideration of the statutory factors, to be "sufficient, but not greater than necessary" -- is no greater than 15 years (180 months).

   1.   The presentence investigation report details information that supports imposition of a non-trivially lesser sentence.

Absent objections from either the defense or the government, this Court adopted the Probation Office's factual findings, as set forth in Mr. Span's presentence investigation report (PSI).  10/7/2003 Tr. at 18-19.  Notable among the information presented in the PSI is

—

all of which were prohibited departure considerations under the former, mandatory Guidelines

system.  U.S.S.G. §§                                                     .

      Marvin Span told the Probation Office that

M. Johnson & S. Gilbert, <u>The U.S.</u>
<u>Sentencing Guidelines: Results of the Federal Judicial Center's 1996 Survey</u>     (1997).
Additionally, district court judges ranked sentences for offenses imposed under guideline section
2K2.1, that is, those involving firearms and ammunition, as the third most "harsh" (<u>i.e.</u>, least fair)
of the 12 categories of offenses surveyed.  <u>Id.</u> 112.

  Mr. Span respectfully submits that this case, as presented to the Court in October 2003,
merits imposition of a non-trivially different sentence, namely the minimum-permissible by statute:
 180 months' imprisonment.  Such a sentence is sufficient but not greater then necessary to fully
account for the enumerated goals of sentencing set forth in 18 U.S.C. § 3553(a).

2. Previously available but undisclosed information further supports imposition of a non-trivially lesser sentence.

Mr. Span respectfully submits that this new information merits imposition of a non-trivially different sentence, namely the minimum-permissible by statute: 180 months' imprisonment. Such a sentence is sufficient but not greater then necessary to fully account for the enumerated goals of sentencing set forth in 18 U.S.C. § 3553(a).

### III. CONCLUSION

Relative to the minimum term of imprisonment his offense of conviction mandates, eight months may not appear a substantial reduction in sentence. However, beyond the direct impact on his liberty, such a change would affect Mr. Span's classification within the federal Bureau of Prisons, which weighs each prisoner's time remaining to serve in measuring security level. It also reflects a sentence that appropriately satisfies statutory calls for retribution, incapacitation, deterrence and rehabilitation. For these reasons and any other(s) that the Court deems appropriate and just, Marvin Span respectfully submits that this matter should be scheduled for re-sentencing in order that the Court may impose a non-trivially different sentence consistent with Booker and the advisory guideline system that it wrought.

Respectfully submitted,


_____/s/ Todd Bussert_____
Todd A. Bussert, CT24328
103 Whitney Avenue, Suite 4
New Haven, CT 06510-1229
(203) 495-9790; Fax: (203) 495-9795
tbussert@bussertlaw.com


<u>CERTIFICATE OF SERVICE</u>


I, Todd Bussert, hereby certify that a copy of the foregoing was served via first class mail,

postage prepaid, this 6th day of March 2006 on the following:

Alex Hernandez, Supervisory AUSA
United States Attorney's Office
915 Lafayette Boulevard
Bridgeport, CT 06604


_____/s/ Todd Bussert_____
Todd Bussert

14